IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY D. DRAGER, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:12-CV-847-Y |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-FORT WORTH, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner, Anthony D. Drager, Reg. No. 34250-177, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

### C. PROCEDURAL HISTORY

Petitioner alleges he was arrested on state drug and firearms charges on January 12, 2006, in Potter County, Texas, after state authorities conducted a narcotics search of his residence and

vehicle. (Pet. at 1-2; Resp't App. at 1-2) While in state custody, petitioner was indicted in federal court on drug and firearm charges stemming from the same events. (Resp't App. at 3) On June 27, 2006, petitioner was released to federal custody pursuant to a writ of habeas corpus ad prosequendum for trial and sentencing in his federal case. (Pet. at 2; Resp't App. at 10) On November 16, 2006, petitioner pleaded guilty in the Amarillo Division to one count of possession of firearms during and in relation to a drug trafficking crime and aiding and abetting and was sentenced to a term of 120 months imprisonment. (Resp't App. at 11) Petitioner was returned to the custody of the state on November 21, 2006, with a federal detainer in place. (*Id.* at 9) On January 5, 2007, petitioner posted bond in state court and was returned to federal custody subject to the detainer. (Resp't Resp. at 2 & App. at 9) Thereafter, on February 8, 2007, petitioner was committed to FCI-Fort Worth to begin service of his federal sentence. (Resp't Resp. at 2) The Bureau of Prisons (BOP) commenced his federal sentence on November 16, 2006, the date it was imposed, and credited petitioner 308 days of prior custody credit–from January 12, 2006, the date of his arrest, to November 15, 2006, the day before he was sentenced. (*Id.* at 2 & App. at 18) On July 20, 2007, the Potter County sheriff lodged a detainer with the BOP to have petitioner returned to state custody to face the state charges. (Resp't App. at 19) On January 9, 2008, petitioner pleaded guilty in state court to engaging in organized criminal activity and true to enhancement allegations and was sentenced to 20 years' confinement. (*Id.* at 20) Thereafter, petitioner was returned to federal custody. His projected release date is currently October 28, 2014. (*Id.* at 18)

## D. DISCUSSION

Petitioner states his claims as follows:

(1)     He is entitled to have his state and federal sentences run concurrently as one is a lesser included offense of the other.

(2)     Actions of the federal government interfered and utterly defeated his state and federal speedy trial rights.

(3)     The state has denied petitioner proper jail time credit.

(Pet. at 4-8)  Petitioner seeks "invalidation of the second conviction by the state, or incorporation of the second sentence into the first federal conviction." (*Id.* at 9)  Respondent asserts petitioner's claims are not cognizable in this court under § 2241, or, in the alternative, petitioner has failed to exhaust his administrative remedies through the (BOP).  (Resp't Resp. at 3-6)

Under his first claim, petitioner argues that because he "was charged by both authorities for possessing the same weapon in furtherance of the same drug conspiracy," the cumulative sentences violate the Double Jeopardy Clause. (Pet. at 1-2) Under his second claim, petitioner argues that his rights to a speedy trial were violated by the state's delay in prosecuting him on the state charges, as "the state cannot suspend or otherwise defeat a defendant's speedy trial rights by 'lending' him out to other authorities once it has primary custody of him." (*Id.* at 6-7) Finally, under his third claim, petitioner argues the state has failed "to credit his sentence with the time he spent in custody from January 12, 2006, up to and including June 6, 2006, despite a clear order making the state sentence concurrent with the federal one and direction from the state court for Petitioner to receive such credit." (Pet. at 8)

To the extent petitioner's claims can be construed as a challenge to his state conviction or sentence and jail time awarded by the state court, the claims are not cognizable in a § 2241 habeas petition. *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).

Further, to the extent petitioner's claims can be construed as a challenge to his federal sentence, the claims relate to alleged errors that occurred during or before sentencing and are properly brought via a § 2255 motion to vacate in the convicting court. *Cox v. Warden, Fed. Det.*

*Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox*, 911 F.2d at 1143. Relief under this section is warranted for any error that occurred at or prior to sentencing. *Id.*; *Reyes-Requena v. United States*, 243 F.3d 893, 901 n.18, 904 (5th Cir. 2001). Because petitioner's double jeopardy and speedy trial claims relate to alleged errors that occurred during or before sentencing, and not to the manner in which his federal sentence is being executed, the claims are properly raised in a § 2255 motion in the convicting court.[1]

Finally, to the extent petitioner's claims can be construed as a claim that he is entitled to additional prior custody credit toward his federal sentence under 18 U.S.C. § 3585(b) and/or concurrent designation by the Bureau of Prisons (BOP), petitioner must first exhaust his administrative remedies before bringing a habeas petition. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). Exceptions to the exhaustion requirement apply when "available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement, however, apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the futility of administrative

---

[1] The undersigned recognizes that a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden however petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d 893 at 904. Petitioner has neither alleged nor demonstrated that he can meet this standard. The fact that he may now be procedurally barred from filing a § 2255 motion does not render the remedy available under § 2255 inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

review. *Id.* Respondent provides proof that petitioner has not pursued his administrative remedies, and petitioner fails to allege or demonstrate that any attempt to do so would be futile. (Resp't App. at 26)

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction as to petitioner claims one and two and three, in part, for lack of jurisdiction and denied as to claim three, in part, on exhaustion grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April **22**, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April __22__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED ____April 1____, 2013.


_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE